UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

James P. Lisovicz, Esq. (JL7455)
Adam M. Maurer, Esq. (AM2541)
**COUGHLIN DUFFY LLP**
350 Mt. Kemble Avenue
P.O. Box 1917
Morristown, New Jersey 07962
(973) 267-0058
*Attorneys for defendant Walgreen Co., improperly pleaded as "Walgreens Family of Companies"*

| | |
|---|---|
| ESTATE OF JOSEPH SANTOS, | Civil Action No.: |
| Plaintiff, | Hon. |
| vs. | **NOTICE OF REMOVAL** |
| WALGREENS FAMILY OF COMPANIES, | *Document Filed Electronically* |
| Defendant. | |

TO:  THE HONORABLE CHIEF JUDGE AND JUDGES OF THE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

**ON NOTICE TO**:

Michael McQuade, Esq.
49 Independence Court
Clifton, New Jersey 07013

Deputy Clerk of the Superior Court, Essex County
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

Clerk,
Superior Court of New Jersey
Hughes Justice Complex
25 West Market Street
CN 971
Trenton, New Jersey 08625

834817_1

**PLEASE TAKE NOTICE** that defendant Walgreen Co., improperly pleaded as "Walgreens Family of Companies," by and through its counsel, Coughlin Duffy LLP, hereby removes this civil action pending in the Superior Court of the State of New Jersey, Essex County, Law Division (the "State Court Action"), Docket No. ESX-L-790-14, pursuant to 28 U.S.C. §§ 1441 and 1446, as amended, and in accordance with 28 U.S.C. § 1332, as amended, on the following grounds:

1. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because the procedural requirements for removal are satisfied and because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

**I.  THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.**

2. On or about February 6, 2014, plaintiff, Estate Of Joseph Santos, a resident of Spring Lake, New Jersey, commenced the State Court Action by filing a Complaint and Jury Demand identified by Superior Court Docket Number ESX-L-790-14 ("Complaint") with the Clerk of the Superior Court, Essex County, New Jersey. A true and accurate copy of the Complaint is annexed hereto as **Exhibit A**.

3. Plaintiff's Complaint names as defendant Walgreen Co., improperly pleaded as "Walgreens Family of Companies," an Illinois corporation. *See* 28 U.S.C. § 1441(a) (Exhibit A).

4. Walgreen Co. received the Complaint, incorrectly pleading "Walgreens Family of Companies," via service upon Corporation Service Company ("CSC") on or about April 15, 2014. A true and accurate copy of the Notice of Service of Process is annexed hereto as **Exhibit B**.

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as Walgreen Co. has filed this Notice of Removal "within 30 days after the receipt. . . through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b). Thirty (30) days have not yet passed since the date on which Walgreen Co. received the Complaint. (**Exhibits A and B**).

6. The United States District Court for the District of New Jersey embraces the locality in which the State Court Action is now pending and, thus, this Court is a proper forum for this action pursuant to 28 U.S.C. § 1441(a).

7. No previous application has been made for the relief requested herein.

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on plaintiff and a copy is being filed with the Deputy Clerk of the Superior Court, Law Division, Essex County.

9. If any question arises regarding the propriety of the removal of this action, the removing defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

II. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.**

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs. (**Exhibit A**).

      **A.**    **Complete Diversity of Citizenship Exists.**

          **1.**    **Plaintiff's Citizenship.**

11.    Upon information and belief, decedent Joseph Santos was a resident of 11 Waterford Way, Spring Lake, New Jersey 07762.  As such, plaintiff, The Estate of Joseph Santos, is a citizen of New Jersey for the purposes of determining diversity jurisdiction.  28 U.S.C. § 1332(c)(2).

          **2.**    **Defendant's Citizenship.**

12.    Walgreen Co. is an Illinois corporation with its principal place of business headquartered at 108 Wilmot Road, Deerfield, Illinois 60015.  Accordingly, Walgreen Co. is a citizen of Illinois.  28 U.S.C. § 1332(c)(1).

13.    There are no other defendants.

      **B.**    **The Amount in Controversy Requirement Is Satisfied.**

14.    In its Complaint, plaintiff avers that "Joseph Santos suffered serious person injury and an infection which threatened his life, caused severe pain and suffering, caused difficulty in breathing and ultimately proved fatal." (**Exhibit A**).

15.    Plaintiff further alleges a wrongful death count which broadly seeks redress for his death as alleged in the form of "such sums as would reasonably compensate, in accordance with the laws of the State of New Jersey, together with interests and costs of suit." (**Exhibit A**).

16.    Given the serious nature of the alleged injuries, including the wrongful death of Joseph Santos, and the broad scope of damages requested, generally, the Complaint plainly satisfies the jurisdictional amount requirement.  *See Frederico* v. *Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) ("where the plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum … the case must be remanded

[only] if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount") (emphasis in original) (*citing Samuel-Bassett* v. *KIA Motors Am., Inc.*, 357 F.3d 392 (3d Cir. 2004); *Raspa* v. *Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. 2007).

**WHEREFORE**, Defendant Walgreen Co. respectfully removes this action from the Superior Court of New Jersey, Law Division of Essex County, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Should any question arise as to this removal, the removing defendant respectfully requests an opportunity to provide briefing and an oral argument as to why removal is proper.

        Respectfully submitted,

        **COUGHLIN DUFFY LLP**
        *Attorneys for defendant Walgreen Co., improperly pleaded as "Walgreens Family of Companies"*

By:   /s/ Adam M. Maurer

        Adam M. Maurer (AM2541)

Dated: May 13, 2014

## LOCAL RULE 11.2 CERTIFICATION

PURSUANT to Local Civil Rule 11.2, the undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding and no other action, arbitration or administrative proceeding is contemplated.

        **COUGHLIN DUFFY LLP**
        *Attorneys for defendant Walgreen Co., improperly pleaded as "Walgreens Family of Companies"*

By:   */s/ Adam M. Maurer*

        Adam M. Maurer (AM2541)

Dated: May 13, 2014