**DULY SERVED**
DATE 4-15-14
John A. Kemler, Sheriff
BY _____
Special Deputy

Attorney I.D. # 008001973
**Attorney: Michael McQuade**
Office Address & Tel. No. 49 Independence Court
Attorney(s) for Plaintiff(s) Clifton, N. J. 07013
(973) 916-1510

SUPERIOR COURT OF NEW JERSEY
ESSEX COUNTY LAW DIVISION

ESTATE OF JOSEPH SANTOS,

Docket No. ESX-L 790-14

Plaintiff(s)

vs.

CIVIL ACTION

WALGREENS FAMILY OF COMPANIES,

*Summons*

Defendant(s)

**FROM THE STATE OF NEW JERSEY**
**TO THE DEFENDANT(S) NAMED ABOVE:**

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above with 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided..) An $80.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

ELIZABETH ANN STROM
Clerk of the Superior Court

DATED: April 3, 2014
Name of Defendant to be Served: Walgreens Family of Companies
Address of Defendant to be Served: c/o Corporation Service Co.
830 Bear Tavern Road
West Trenton, N.J. 08628

FEB - 6 2014

Attorney ID # 008001973
MICHAEL McQUADE
49 Independence Court
Clifton, New Jersey 07013
(973) 916-1510
Attorney for Plaintiff

| | |
|---|---|
| ESTATE OF JOSEPH SANTOS ) | |
| ) | SUPERIOR COURT OF NEW JERSEY |
| ) | ESSEX COUNTY LAW DIVISION |
| Plaintiff, ) | |
| ) | Docket No. ESX-L 790-14 |
| vs. ) | |
| ) | Civil Action |
| WALGREENS FAMILY OF COMPANIES, ) | |
| ) | **COMPLAINT** |
| Defendant. ) | |

The Plaintiff, THE ESTATE OF JOSEPH SANTOS, complaining of the Defendant WALGREENS FAMILY OF COMPANIES, says:

### THE PARTIES

1.  The Plaintiff, THE ESTATE OF JOSEPH SANTOS by its Executor Gil Perez was and still is a resident of Fort Lee, Bergen County, New Jersey.

2.  The Defendant WALGREENS FAMILY OF COMPANIES, is a Corporation maintaining offices at 6 Industrial Way West, Eatontown, New Jersey 07724.

3.  The deceased, JOSEPH SANTOS died on March 8, 2012 at Newark Beth Israel Hospital in Essex County, where the wrongful death action arose.

## AS AND FOR A FIRST COUNT

4. Upon information and belief, at all times hereinafter mentioned, the Defendant WALGREENS FAMILY OF COMPANIES (hereinafter referred to as "WALGREENS"), was and still is in the business of providing medical and nursing assistance to the general public.

5. Upon information and belief, the Defendant WALGREENS holds itself out as a specialist in providing nursing assistance and administering infusions to the general public in the State of New Jersey.

6. On and prior to February 2, 2012, Joseph Santos, a member of the general public, became a patient due to a heart condition and subsequent to a stay at Newark Beth Israel Hospital was treated at 9 Carlotta Way, Demarest, New Jersey.

7. On or about February 3, 2012 the Defendant WALGREENS was engaged to render medical services to Joseph Santos.

8. On or about February 3, 2012 the Defendant WALGREENS held itself out as engaging nurses, agents and employees who possessed the proper degree of learning, skill and understanding to use reasonable care and diligence in the treatment of patients, including Joseph Santos.

9. On or about February 3, 2012 the Defendant WALGREENS began to render nursing services to Joseph Santos including administering an infusion of intravenous milrinone, a cardiac medication.

10. On or about February 9, 2012 the Defendant WALGREENS sent a trained nurse to administer an infusion of intravenous milrinone to Joseph Santos.

11. On or about February 9, 2012 the Defendant WALGREENS agent/employee, a trained nurse, negligently and carelessly administered an intravenous infusion of non-sterile

normal saline from a practice bag and failed to employ appropriate medical techniques, causing serious personal injury to Joseph Santos.

12. As a direct and proximate result of the Defendant WALGREENS' negligence and that of its agent nurse, Joseph Santos suffered serious personal injury and an infection which threatened his life, caused severe pain and suffering, caused difficulty in breathing and ultimately proved fatal.

13. The personal injuries and damages sustained by Joseph Santos were solely as a result of the negligence and carelessness of the Defendant WALGREENS and without any contributory negligence on the part of Joseph Santos or his family.

WHEREFORE, the Plaintiff, THE ESTATE OF JOSEPH SANTOS, demands judgment against the Defendant WALGREENS FAMILY OF COMPANIES for such sums as would reasonably compensate, in accordance with the laws of the State of New Jersey, together with interests and costs of suit.

## AS AND FOR A SECOND COUNT

14. The Plaintiff repeats the allegations contained in Paragraphs 1 through 13 of the First Count.

15. As a direct and proximate result of the Defendant WALGREENS ' negligence, the Defendant cause the wrongful death of Joseph Santos on March 8, 2012 in Essex County.

WHEREFORE, the Plaintiff, THE ESTATE OF JOSEPH SANTOS, demands judgment against the Defendant WALGREENS FAMILY OF COMPANIES for such sums as would reasonably compensate, in accordance with the laws of the State of New Jersey, together with interests and costs of suit.

## AS AND FOR A THIRD COUNT

16. The Plaintiff repeats the allegations contained in Paragraphs 1 through 13 of the First Count.

17. By reason of the facts stated above, a contractual relationship was created and existed between Joseph Santos and the Defendant WALGREENS.

18. The Defendant WALGREENS held itself out and advertised that it had available the necessary skills and specializations to render all infusions and medical techniques performed and and to treat Joseph Santos with due care. The Defendant WALGREENS was under a duty and obligation to provide proper care, attention and treatment.

19. Pursuant to this contractual agreement, the Defendant WALGREENS was obligated to Joseph Santos and warranted that it would render professional, adequate, proper care and services conforming to accepted custom and practice and that, by reason of its failure to provide proper care and services, the Defendant WALGREENS breached its duties and obligations under the contract and these warranties.

20. Joseph Santos and the Plaintiff, his successor in interest, duly complied with all terms of provisions of the contractual relationship, and by reason of the Defendant's aforesaid breach of Contract, Plaintiff has been substantially damaged.

WHEREFORE, the Plaintiff, THE ESTATE OF JOSEPH SANTOS, demands judgment against the Defendant WALGREENS FAMILY OF COMPANIES for such sums as would reasonably compensate, in accordance with the laws of the State of New Jersey, together with interests and costs of suit.

Dated: February 5, 2014

*[signature]*
MICHAEL McQUADE
Attorney for the Plaintiff
Estate of Joseph Santos

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that the matter in controversy is not the subject of any other action pending in any court nor the subject of a pending arbitration proceeding. Also, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, no other party shall be joined in the within action and, in the event that there is a change in the facts stated herein, each party has a continuing obligation to file and serve upon all other parties and the Court an amended certification.

## DEMAND FOR JURY TRIAL

The Plaintiff, THE ESTATE OF JOSEPH SANTOS hereby demands a trial by jury as to all issues in the above matter.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to New Jersey Court Rule 4:10-2(B), demand is made that Defendant disclose to Plaintiff's attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide Plaintiff's attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets. This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies.

## DESIGNATION OF TRIAL ATTORNEY

In accordance with R 4:25-4, Michael McQuade is hereby designated as trial attorney for the Plaintiff THE ESTATE OF JOSEPH SANTOS.

Dated: February 5, 2014

MICHAEL McQUADE, Esq.
Attorney for Plaintiff
ESTATE OF JOSEPH SANTOS

## CERTIFICATION OF VERIFICATION AND NON-COLLUSION

I am the Executor of the Estate of Joseph Santos, Plaintiff named in the foregoing Complaint. The allegations of the Complaint are true to the best of my knowledge, information and belief. The said Complaint is made in truth and in good faith and without collusion for the causes set forth therein.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
GIL PEREZ, Executor

Dated: February 5, 2014

FEB - 6 2014

<u>Appendix XII-B1</u>



# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| MICHAEL McQUADE | (973) 916-1510 | ESSEX |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| | ESX-L 790-14 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 49 INDEPENDENCE COURT<br>CLIFTON, N.J. 07013 | COMPLAINT |
| | JURY DEMAND  ☒ YES  ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| ESTATE OF JOSEPH SANTOS<br>PLAINTIFF | ESTATE OF JOSEPH SANTOS<br>v.<br>WALGREENS FAMILY OF COMPANIES |

| CASE TYPE NUMBER<br>(See reverse side for listing) | HURRICANE SANDY<br>RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ☒ NO |
|---|---|---|
| 605 | ☐ YES  ☒ NO | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING?<br>☐ Yes   ☒ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ YES   ☒ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>SEDGWICK CLAIMS MANAGEMENT SERVICES | ☐ NONE<br>☐ UNKNOWN |
|---|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ YES   ☒ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE<br>☐ FAMILIAL | ☐ FRIEND/NEIGHBOR<br>☐ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ☐ YES  ☒ No |
|---|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

FEB - 5 2014

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES   ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED?<br>☐ YES   ☒ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *Michael McQuade*

Effective 08-19-2013, CN 10517-English

page 1 of 2