**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| ESTATE OF JOSEPH SANTOS, | : | **OPINION** |
| Plaintiff, | : | No. 2:14-cv-3043 (WHW)(CLW) |
| v. | : |  |
| WALGREENS FAMILY OF COMPANIES, | : |  |
| Defendants. | : |  |

**Walls, Senior District Judge**

    Defendant moves to dismiss the complaint. Plaintiff cross moves to amend it. The Court has decided the motions without oral argument under Federal Rule of Civil Procedure 78(b). Defendant's motion is denied and Plaintiff's motion is granted.

**I.   Factual Background**

    Plaintiff filed this complaint in Superior Court on or about February 6, 2014. ECF No. 1-1. The complaint alleges that the decedent Mr. Santos engaged Defendant "to render medical services" beginning February 3, 2012, *id.* ¶ 7, "including administering an infusion of intravenous milrinone, a cardiac medication," *id.* ¶ 9. On February 9, 2012, Plaintiff alleges, an employee or agent of Defendant "negligently and carelessly administered an intravenous infusion of non-sterile normal saline from a practice bag and failed to employ appropriate medical techniques, causing serious personal injury." *Id.* ¶ 11. Mr. Santos died a few weeks later, on March 8, 2012, at Newark Beth Israel Hospital. *Id.* ¶ 3. The complaint states three counts: negligence, *id.* ¶¶ 4-13, wrongful death, *id.* ¶¶ 14-15, and breach of contract, *id.* ¶¶ 16-20.

1

**NOT FOR PUBLICATION**

  Defendant removed the case to this Court on May 13, 2014. Def.'s Not. of Removal (ECF No. 1). On June 3, 2014, it moved to dismiss in lieu of answering. Def.'s Mot. to Dismiss (ECF No. 5). Defendant argues that Plaintiff simply has the wrong guy: that it should have been pled not as "Walgreen Family of Companies" but as "Walgreen Co.," and that even so it "was misidentified as the health care provider who provided Joseph Santos with infusion services," that it "does not provide infusion services" at all, and that it "could not have caused the alleged malpractice . . . in any way." *Id.* at 3-5, 17; Aff. of M.J. Fisher of Non-Involvement Pursuant to N.J.S.A. 2A:53A-40 ("Aff. of Non-Involvement") ¶¶ 4, 14-17 (ECF No. 5-5). Instead, Defendant claims that, "[u]pon information and belief, Joseph Santos received infusion services from Option Care Enterprises, Inc.," which, it notes on reply, is a subsidiary. Aff. of Non-Involvement ¶ 18; Def.'s Reply at 9 (ECF No. 12). Defendant also argues that dismissal is proper because there is an error in the named Plaintiff as well: only an estate's executor or administrator may bring such an action, not the estate itself. Def.'s Mot to Dismiss at 1, 6-10 (citing N.J.S.A. §§ 2A:15-3 (2014), 2A:31-2 (2014)).

  Plaintiff responded by filing a cross motion to amend the complaint. Pl.'s Cross Mot. to Amend (ECF No. 11-1). Plaintiff seeks to correct the named Plaintiff to add the executor to the caption, change the existing Defendant to "Walgreen Co." and add a new defendant, Walgreens Infusion and Respiratory Services ("WIRS"). *Id.* at 1. Plaintiff contends that it "was misled as to the name of the Defendant" by Defendant's representative, Jane Schroeter. *Id.* at 3. Plaintiff also disputes Defendant's contention that it was not involved. *Id.* at 5 (citing N.J.S.A. § 2A:53A-40(b)). It has attached to its submission copies of documents which suggest that some entity with the name "Walgreen" or "Walgreens" carried out the care for Mr. Santos: Ms. Schroeter's business card, a "Financial Agreement and Estimated Patient Financial Responsibility Form," an

2

**NOT FOR PUBLICATION**

intake sheet and a receipt, all of which identify Walgreens. Aff. of G. Perez ("Perez Aff.") at 6-9 (ECF No. 11-3). Plaintiff also submitted a proposed amended complaint. ECF No. 11-6. These submissions were submitted only in hard copy and belatedly arrived on the electronic docket, despite rules requiring electronic filing. Though the Court accepted the late submissions, it warned Plaintiff that "it will not excuse any further failures to submit filings electronically or delays attributable to technical difficulties." Letter Order, July 8, 2014 (ECF No. 9).

In reply, Defendant argues that any amendment to the complaint would be out of time or futile. Def.'s Reply at 1. Plaintiff submitted a sur-reply by sending a hard copy by mail to Chambers, but failed to file it electronically. The Court posted the sur-reply on the electronic docket, ECF No. 13, but, in keeping with its letter order of July 8, it will not consider it.

## DISCUSSION

The Court finds that the proposed amended complaint states a plausible claim for relief and so would not be futile. Because the Court accepts the amended complaint, the "motion to dismiss is moot and will be denied without prejudice." *Croker v. Applica Consumer Products, Inc.*, No. 05-cv-3054 (RBK), 2006 WL 626425, at *1 (D.N.J. Mar. 10, 2006).

**I.   Standard**

A plaintiff should ordinarily be granted the right to amend its complaint. Where a party seeks to amend its complaint, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *Holst v. Oxman*, 290 Fed. App'x 508, 510 (3d Cir. 2008) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (further citation omitted). "'Futility' means that the complaint, as amended, would fail to state a claim

3

**NOT FOR PUBLICATION**

upon which relief could be granted," i.e., "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.*

On a motion to dismiss, the court is required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 306 (3d Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II. Amending the Complaint Would Not Be Futile.

Under New Jersey law, a health care provider may be dismissed from a suit if it submits an affidavit attesting that "the provider was misidentified or otherwise not involved, individually or through its servants or employees, in the care and treatment of the claimant . . . and could not have caused the alleged malpractice, either individually or through its servants or employees, in any way." N.J.S.A. § 2A:53A-40(a). Defendant cites this provision to claim that Walgreen Co. and WIRS were "not involved," Def.'s Mot. to Dismiss at 3-5, but Plaintiff has asserted its right under the statute to challenge Defendant's affidavit, Pl.'s Cross Mot. at 5 (citing N.J.S.A. § 2A:53A-40(b)).

Few New Jersey cases have interpreted the "non-involvement" provision. It seems to be a device used mostly by doctors who were not actually involved in a patient's care, rather than by parent corporations. In *Walker v. Choudhury*, as example, a doctor successfully dismissed the action against him because it was actually his partner who cared for the decedent. 425 N.J.

**NOT FOR PUBLICATION**

Super. 135, 140 (App. Div. 2012). *See also Estate of Cole ex rel. Hoover v. Morristown Mem'l Hosp.*, A-4188-11T3, 2013 WL 149683, at *1 (N.J. Super. Ct. App. Div. Jan. 15, 2013) (noting plaintiffs' voluntary dismissal from case of doctor who filed affidavits of non-involvement). In *Walker*, the court went on to explain that the medical group which employed the treating doctor and the corporation which owned the medical center where the care took place may be vicariously liable. 425 N.J. Super. at 148-49. *But see Luckey v. Cnty. of Essex of New Jersey*, No. 04-cv-3847 (GEB), 2006 WL 3751357, at *3 (D.N.J. Dec. 19, 2006) (noting in dicta that the statute prohibits medical malpractice actions against supervisory medical personnel).

Defendant argues that amending the complaint to name Walgreen Co. and WIRS, as opposed to the non-existent "Walgreen Family of Companies," would be futile because these parties were "un-involved" in decedent's care. *See* Def.'s Mot. to Dismiss at 3-5; Def.'s Reply at 8-9. According to Defendant, Walgreen Co. is a parent company of WIRS, which is in turn the parent of Option Care Enterprises, Inc. and Option Care is "the correct entity involved in plaintiff's [sic] infusion." Def.'s Reply at 9. Plaintiff counters that Walgreen Co. "was directly involved in the treatment of the deceased," Pl.'s Cross. Mot. at 5, and that WIRS, "allegedly a separate entity, was directly involved in providing the nurses to administer infusions to the deceased," *id.* at 4.

It is not evident from the language of the "non-involvement" statute or the New Jersey cases interpreting it that it extends to corporate parents which, as *Walker* teaches, may well be vicariously liable for wrongful death. *See* N.J.S.A. § 2A:31-1 (explaining that the executor of an estate may bring an action on behalf of a decedent against "the person who would have been liable in damages for the injury if death had not ensued"). The Court views the allegations in the

5

**NOT FOR PUBLICATION**

light most favorable to Plaintiffs and finds that the proposed amended complaint states a plausible claim for relief.

### III. Statute of Limitations and Relation Back

Defendant asserts that even if Plaintiff's amendment would not be futile, it is out of time, and the amended complaint does not relate back under either New Jersey's "fictitious party rule," N.J.R. 4:26-4 (2014), or its "relation-back rule," N.J.R. 4:9-3 (2014). Because the Court finds that relation back is proper under N.J.R. 4:9-3, it does not address N.J.R. 4:26-4.

Where a complaint is timely but the statute of limitations then expires before the plaintiff seeks to amend, the amended complaint may still be valid if it is found to "relate back" to the time of the original filing. N.J.R. 4:9-3. That rule provides that "[a]n amendment changing the party against whom a claim is asserted relates back if" it arose out of the same transaction or occurrence at issue and the new party timely "(1) received such notice . . . of the action [such] that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against" it in the first place. *Id.* This closely tracks the text of Federal Rule of Civil Procedure 15(c)(1)(C) governing amendment of a party or naming of a party; the New Jersey Supreme Court has described the state and federal rules as "analogous." *Prime Accounting Dep't v. Twp. of Carney's Point*, 212 N.J. 493, 514 (2013).

The relation back rule "should be liberally construed. Its thrust is directed not toward technical pleading niceties, but rather to the underlying conduct . . . . [Where] the gist of the action or the basic subject of the controversy remains the same, [the amendment] should be readily allowed." *Kernan v. One Washington Park Urban Renewal Assocs.*, 154 N.J. 437, 458 (1998) (quoting *Harr v. Allstate Ins. Co.*, 54 N.J. 287, 299 (1969) and applying it in the context

**NOT FOR PUBLICATION**

of adding a new party). Unlike the fictitious party rule, which allows a plaintiff to anticipate a later amendment, "Rule 4:9-3 permits the addition of a new claim or a new party when the original complaint did not contemplate the need for such an amendment." *Viviano v. CBS, Inc.*, 101 N.J. 538, 552 (1986); *accord McGill v. John Does A-Z*, 541 Fed. App'x 225, 227 (3d Cir. 2013) (citing *Viviano*, 101 N.J. at 552). Even if notice is lacking but there is no prejudice and plaintiff's error was a "good faith mistake or omission," the trial court "should consider relaxing the rule's application in the interest of justice and granting the motion to amend." *Walker*, 425 N.J. Super. at 147.

    a) **The proposed changes to the named Defendants relate back**

The change of the named Defendant from "Walgreen Family of Companies" to "Walgreen Co." and the addition of WIRS relate back to the filing of the original complaint. Defendant has not even alleged that it lacked notice or will suffer prejudice by this change, and it is clear that it knew or should have known which entity Plaintiff intended to sue. WIRS has not submitted any argument separate from that of its parent company, Walgreen Co.

Defendant argues that Plaintiff was insufficiently diligent in identifying the proper defendant, because the fact that "Walgreen Co., Walgreen Infusion and Respiratory Services, Inc. and Option Care Enterprises, Inc. are three separate corporate entities . . . could have been confirmed by a number of methods, including an inquiry with the Secretary of State or even a simple web search." Def.'s Reply at 7. But the relevant inquiry is not whether Plaintiff could have divined that these are "separate corporate entities," but whether it could have determined, without the benefit of discovery, which entity was potentially responsible.

Plaintiff may amend the complaint to change the named Defendants.

**NOT FOR PUBLICATION**

    b) **The proposed changes to the named Plaintiff relate back**

Defendant argues that Rule 4:9-3, even where applicable, only allows amendments of "the party against whom a claim is asserted." Def.'s Reply at 13. This is wrong.

New Jersey courts have addressed exactly this point. In *Siligato v. State*, the Appellate Division said that a change to the named plaintiff could relate back because "[o]bviously, an error made by plaintiff in identifying itself should be no less curable than an error in identifying the adversary. Defendants here are not prejudiced by the amendment." 268 N.J. Super. 21, 29 (App. Div. 1993). The court noted that "[w]hile we understand that [Rule 4:9-3] applies, in terms, to parties-defendant, we are satisfied that its rationale applies equally to parties-plaintiff." *Id.*

Plaintiff may amend the complaint to change its name.

## CONCLUSION

Plaintiff's motion to amend the complaint is granted. Defendant's motion to dismiss is denied as moot.

August 6th, 2014

                                              **/s/ William H. Walls**
                                              United States Senior District Judge